UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>v.<br><br>KENDALL ALSTON,<br><br>   Defendant. | CASE NO. 22-CR-00066<br><br>ORDER REGARDING MOTIONS<br>IN LIMINE AND TRIAL ISSUES |

This matter comes before the Court on the parties' motions in limine, stipulated motion to bifurcate trial, and joint supplemental brief, Dkt. Nos. 33–36, 42, 44, 47, as well as Defendant Kendall Alston's trial brief and motion for an order allowing food and drink during trial, Dkt. Nos. 37–38. After reviewing the record and the applicable law, the Court issues the following rulings.[1]

## I.   INTRODUCTION

A federal grand jury indicted Defendant on several counts related to his alleged participation in an "open-air" drug deal in downtown Seattle. Dkt. No. 14; *see* Dkt. No. 1 at 3–6.

---

[1] The Court will separately rule on Defendant's Motion to Exclude Expert Testimony from Stephen Knapp, Dkt. No. 34, and Motion to Exclude Testimony, Evidence, and Argument Re: Fentanyl Dangers and Deaths, Dkt. No. 35.

ORDER REGARDING MOTIONS IN LIMINE AND TRIAL ISSUES - 1

Specifically, Defendant is accused of (Count 1) Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (Count 2) Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (Count 3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (Counts 4 and 5) Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 14 at 1–3. The Government will try Defendant before a jury on July 11, 2022. Dkt. No. 32. In preparation for that trial, the parties have submitted several motions and requests.

## II.   DISCUSSION

The Court begins with the evidentiary issues on which the parties agree. It then turns to other pretrial matters, requests, and—last—the masking policy at trial.

**A.   Stipulated Motions in Limine**

Defendant has submitted nine agreed motions in limine. Dkt. No. 33. He proposes the following evidentiary limitations:

1. Non-exempt witnesses should be excluded from the courtroom and prohibited from listening to proceedings until their testimony has been completed. Dkt. No. 33 at 2.

2. Witnesses should be ordered not to discuss their testimony or other matters related to the case with non-exempt witnesses. *Id.* Experts may, however, consult others. *Id.*

3. Testimony and arguments regarding Defendant's non-testimonial demeanor should be excluded. *Id.* at 2–4.

4. Testimony and arguments directly or indirectly implying a personal belief in the defendant's guilt should be excluded. *Id.* at 4.

5. Testimony and arguments regarding gangs or gang affiliations should be excluded. *Id.* at 4–5.

6. Testimony and arguments regarding Defendant's failure to produce evidence should be excluded. *Id.* at 5.

7. The Court should require the parties to give each other notice of their expected witnesses the day before calling them to testify. *Id.*

8.  The Court should require the parties to disclose to each other any exhibits, videos, photographs, or computer slide shows the day before using them in opening statements, and instruct the parties that they should endeavor to do the same, if possible, before closing arguments. *Id.*

9.  The Court should require Counsel for each party to inform his or her witnesses prior to their testimony of the Court's rulings on motions in limine and to direct each witness to abide by those rulings. *Id.* at 6.

Pursuant to the parties' agreement and their arguments regarding the legal bases for imposing the above evidentiary limitations, the Court grants their uncontested motions in limine. The Court further clarifies that non-exempt witnesses subject to recall will be required to exit the courtroom until called back or excused, while excused witnesses may exit or remain in the courtroom following their testimony at their election. Counsel must ensure that there are no prospective non-exempt witnesses in the courtroom during the testimony of another witness. Finally, with respect to item No. 4 above, the Court clarifies that counsel is permitted to marshal the evidence presented at trial and advocate in favor of reasonable inferences to be drawn from that evidence. *See United States v. Younger*, 398 F.3d 1179, 1190–91 (9th Cir. 2005).

B.  **Other Uncontested Issues and Requests**

The parties agree on or do not contest the following issues or requests:

1.  The parties filed a stipulated motion for a bifurcated trial before the same jury. Dkt. No. 44. The Court grants this motion. The parties will first try Counts 1 through 3, then separately try Counts 4 and 5 immediately following the verdict on Counts 1 through 3. *Id.* at 2.

2.  The Government moved to preclude testimony or arguments concerning possible penalties. Dkt. No. 42. Defendant does not object, but requests that the Court "precisely" craft its order to "define what is prohibited." Dkt. No. 48 at 2. The Court grants this motion. Counsel shall not elicit testimony or present arguments about the possible sentence or punishment that Defendant could receive if convicted of the charged offenses.

3.  Defense counsel moved for an exception to General Order 08-16, which prohibits members of the public from bringing food and drink into the courthouse. Dkt. No. 37. The Court grants this motion. The Court will issue an order allowing counsel to bring food and other liquids into the courthouse for the duration of trial.

ORDER REGARDING MOTIONS IN LIMINE AND TRIAL ISSUES - 3

4. Defendant embeds three additional "requests" in his trial brief:

   a. Defendant asks that, during voir dire, counsel be permitted to individually question jurors outside the presence of the venire if they indicate that discussing "drug issues" causes them emotional distress. Dkt. No. 38 at 2. The Court grants this request.

   b. Defendant next seeks permission and "sufficient time" for counsel to examine jurors during voir dire. *Id.* at 2–3. The Court grants this request in part; counsel will be permitted to conduct voir dire following the Court's general voir dire. The Court defers ruling on the amount of time for counsel-conducted voir dire until after the pretrial conference on June 5.

   c. Defendant last requests blanket permission to interrogate all law enforcement officers with leading questions. *Id.* at 5. Defendant contends that all law enforcement witnesses should be deemed hostile "by virtue of their employment alone" and "without any antecedent showing." *Id.* The Court defers ruling on this request until trial, should the need arise.

C.  **Defendant's Motion in Limine Regarding Masking**

The final order of business is the Court's masking policy during trial. Defendant moved in limine for three rulings: to prohibit (1) any testifying witness from wearing a mask, face shield, or other facial covering that might obstruct the jury's view of the witness; (2) the jury venire from wearing masks, face shields, or other facial coverings during voir dire and jury selection; and (3) the petit jury from wearing masks, face shields, or other facial coverings while the Court is in session. Dkt. No. 36. The Government agrees with Defendant's first request, *i.e.*, the Court should prohibit witnesses from wearing masks while they testify. Dkt. No. 46 at 2. As for the second and third requests, however, the Government "takes no position[.]" *Id.*

The Court will instruct witnesses not to wear a face mask, face shield, or any other obstructive face covering while testifying, unless there is a medical reason requiring such protection. But the Court reaches a different conclusion with respect to the second and third portions of Defendant's motion. The Court will instruct prospective jurors to remove their masks during voir dire while speaking if they are comfortable doing so. The Court declines, though, to impose a venire-wide ban on face coverings. The jury venire must wear masks unless responding

ORDER REGARDING MOTIONS IN LIMINE AND TRIAL ISSUES - 4

to voir dire examination. And the Court will require the petit jury to wear masks while in the jury box. Although the Court is cognizant of the ways in which masks "reduce the intelligibility of facial expressions," impede interpersonal communication, and generally make life uncomfortable, Dkt. No. 36 at 4, the Court must balance such considerations against the safety of court staff, jurors, witnesses, and the parties themselves.[2] Even one COVID-positive (potentially asymptomatic) individual can spark a wildfire and wholesale derail or significantly delay trial—not just for Mr. Alston, but for other parties awaiting trial or other hearings.

A recent trial serves as a cautionary tale. *See Estate of Wangsheng Leng v. Lucht*, No. C19-00490-TSZ, Dkt. Nos. 195, 199, 204 (W.D. Wash. 2022). There, a court translator contracted COVID-19, and two jurors thereafter reported COVID-19 symptoms. And that was a civil case, meaning the eight-person jury was able to socially distance in the jury box. To monitor the spread of the virus, the judge resorted to holding proceedings every other day and requiring the jury, parties, attorneys, witnesses, and court personnel to take daily COVID-19 tests. These preventative measures drastically extended the trial and left the Court in a state of limbo. In addition, the micro-outbreak threatened court operations and proceedings. Seven people in the courthouse contracted COVID-19 during this trial.

The new case counts in the counties from which the Court draws its jurors are equal to or higher than the prior peak levels from 2020 and 2021, with the exception of the omicron surge. *See*, *e.g.*, King County COVID-19 community level, https://kingcounty.gov/depts/health/covid-19/data/community-level.aspx; Whatcom County New Confirmed COVID-19 Cases, Weekly Counts, https://www.whatcomcounty.us/3427/COVID-19-Data#WCHDdash; Snohomish County

---

[2] The Court offered to hold a video-conference ("Zoom") trial to mitigate counsel's concerns, but the parties declined remote proceedings. Dkt. No. 47 at 1–2; *see* Dkt. No. 47-1 at 2. The parties also indicated their preference for a single 50-person voir dire, as opposed to examining potential jurors in separate groups of 25. Dkt. No. 47 at 2. Such a preference increases the need for masks. The Court notes that it has reserved courtroom 18A for jury selection on July 11 in order to facilitate distancing during voir dire.

ORDER REGARDING MOTIONS IN LIMINE AND TRIAL ISSUES - 5

Local Case Counts, https://www.snohd.org/546/Local-Case-Counts; Skagit County COVID-19 Information, https://www.skagitcounty.net/Departments/HealthDiseases/coronavirus.htm#A; Island County, *Island County COVID-19 Cases*, Health Matters, June 24, 2022, at 12, https://www.islandcountywa.gov/Health/COVIDDOCS/Newsletter%20Vol%202,%20No.%2012%20FINAL.pdf. And most courts in those counties require masking during juror selection and service. *See, e.g.*, King County Superior Court Information for Jurors, https://kingcounty.gov/courts/superior-court/juror-information.aspx (video); Whatcom County Superior Court, Twenty-Ninth Administrative Order, Section 4 (March 11, 2022), https://www.whatcomcounty.us/DocumentCenter/View/64797/29th-Admin-Order; Snohomish County Superior Court, Fourth Addendum to Emergency Order #15 RE: Court Operations, 2 (March 11, 2022) https://snohomishcountywa.gov/DocumentCenter/View/92137/Snohomish-County-Superior-Court-Modifications-of-Court-Operations-Emergency-Order-15-Fourth-Addendum--paragraphs-1-5-8-9-March-11-2022; San Juan County Superior Court Jury Trial Plan, 5–7 (March 2022), https://www.sanjuanco.com/DocumentCenter/View/21224/Jury-Trial-Plan---March-2022?bidId=; Skagit County Superior Court Information for Jurors, https://skagitcountywa.gov/Departments/SuperiorCourt/juror.htm. This Court joins them. Their approach is consistent with the Centers for Disease Control and Prevention's guidance to "[w]ear a mask in public places where there are a lot of people around." Centers for Disease Control and Prevention, Mask Guidance, https://www.cdc.gov/coronavirus/2019-ncov/easy-to-read/mask-guidance.html.[3]

    The Court is unwilling to jeopardize the safety of its staff, the parties, and jurors, or risk a significant delay in trial or a disruption in courthouse operations, especially when that risk can be

---

[3] All listed websites last visited June 27, 2022.

ORDER REGARDING MOTIONS IN LIMINE AND TRIAL ISSUES - 6

substantially mitigated with the minimal inconvenience of a mask requirement. This motion is granted in part and denied in part.

### III. CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART the parties' motions in limine, Dkt. Nos. 33, 36, 42, GRANTS the parties' stipulated motion to bifurcate trial, Dkt. No. 44, GRANTS IN PART and DEFERS IN PART Defendant's requests, Dkt. No. 38 at 2–3, 5, and GRANTS Defendant's motion for an order allowing food and drink during trial, Dkt. No. 37. A separate ruling will follow on Defendant's Motion to Exclude Expert Testimony from Stephen Knapp, Dkt. No. 34, and Motion to Exclude Testimony, Evidence, and Argument Re: Fentanyl Dangers and Deaths, Dkt. No. 35.

Dated this 27th day of June, 2022.

Lauren King
United States District Judge