UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENDALL ALSTON,

Defendant

CASE NO. CR22-066-LK

PRETRIAL CONFERENCE AGENDA

1.  **Trial Date and Duration**

    a.  **Trial date:** July 11, 2022

    b.  **Estimated length of trial:** 3 days

    c.  **Trial schedule:**

        i.  9:00 a.m. to 12:00 p.m. with 15-minute break mid-morning

        ii.  1:30 p.m. to 4:30 p.m. with 15-minute break mid-afternoon

        iii.  July 11: start in 18A; after jury selection go to 15A; end at 3:00 p.m.

    d.  **Decided motions/requests**

| Status | Order |
|---|---|
| Granted | Dkt. No. 33 – Agreed MILs:<br><br>1. Non-exempt witnesses excluded from the courtroom<br><br>2. Witnesses ordered not to discuss their testimony/other matters related to the case with non-exempt witnesses. Experts allowed to consult others.<br><br>3. Testimony/arguments re Defendant's non-testimonial demeanor excluded.<br><br>4. Testimony/arguments implying personal belief in Defendant's guilt excluded.<br><br>5. Testimony/arguments re gangs or gang affiliations excluded.<br><br>6. Testimony/arguments re Defendant's failure to produce evidence excluded. |

| | | |
|---|---|---|
| | | 7.   Parties must notify each other of expected witnesses the day before calling them to testify. |
| | | 8.   Parties must disclose to each other any exhibits, videos, photographs, or computer slide shows the day before using them in opening statements, and try to do the same for closing argument. |
| | | 9.   Counsel for each party must inform his/her witnesses of pertinent rulings by this Court on MILs and direct each witness to abide by those rulings before each witness testifies at trial. |
| | **Granted** | Dkt. No. 44 – bifurcated trial: the parties will first try Counts 1 through 3, then separately try Counts 4 and 5 immediately following the verdict on Counts 1 through 3. |
| | **Granted** | Dkt. No. 42 – arguments of penalty precluded. |
| | **Granted** | Dkt. No. 36 – trial witnesses unmasked unless they have medical needs requiring a mask. |
| | **Granted in part** | Dkt. No. 36 – prospective jurors unmasked if they are comfortable doing so when speaking. |
| | **Denied** | Dkt. No. 36 – petit jury to remain masked in the jury box. |
| | **Granted** | Dkt. No. 36 – jurors to be questioned separately regarding especially distressing drug issues. |
| | **Granted** | Dkt. No. 36 – attorney time for voir dire. See below for deferred issue – how much time? |

a.   **Remaining issues/ issues for trial:**

    i.   Dkt. No. 38 – Defendant's "requests"

        1.   Time for attorney-conducted voir dire. <u>Deferred.</u>

        2.   Request that the Defense should be permitted to ask leading questions in the event it calls a law enforcement agent designated as potential trial witness by the Government. <u>Deferred.</u>

    ii.   Leave to re-call witnesses/interruption of witnesses. Dkt. No. 58 at 8.

    iii.   Presence of case agent Richard Huntington during trial. Dkt. No. 58 at 10.

    iv.   Dkt. No. 34 – Defendant's MIL to exclude expert testimony from Stephan Knapp.

    v.   Dkt. No. 35 – Defendant's MIL to exclude evidence regarding fentanyl dangers and deaths.

    vi.   Fentanyl in the courtroom. Dkt. No. 58 at 8.

    vii.   Stipulations for Counts 4 and 5 (Exhibit 59):

        1.   As of April 24, 2018, and October 24, 2013, Kendall Alston knew he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year.

2. The item admitted into evidence as Exhibit 1, a Hi-Point .45 caliber semiautomatic handgun, is a firearm as defined by federal law.

3. Exhibit 1, a Hi-Point .45 caliber semi-automatic handgun, was not manufactured in Washington State. Therefore, it was shipped and transported in interstate or foreign commerce before being found in Washington on or about March 23, 2022.

4. The item admitted into evidence as Exhibit 2, a Taurus 85 UL .38 Special Revolver, is a firearm as defined by federal law.

5. Exhibit 2, a Taurus 85 UL .38 Special Revolver, was not manufactured in Washington State. Therefore, it was shipped and transported in interstate or foreign commerce before being found in Washington on or about January 22, 2022.

   viii.  Jury instructions – 5 disputed final instructions (see section below)

    ix.  Forfeiture

     x.  Other?

**b. COVID-19 protocol:** masks required; Court will ask that masks be removed when speaking. **If anyone tests positive for COVID within 5 days of trial or during trial, they must report it to the Court.**

**c. Food and drink:** Court will provide water and will issue food and drink order.

**10. Jury Selection**

**a.** Panel of 45-50 to be called; social distancing required.

**b.** 12 jurors + 2 alternates (alternates chosen by lottery before deliberations)

**c.** Voir dire

    i.  Court's proposed general voir dire (see Appendix A below)

    ii.  Time allowed for attorney questioning: __ minutes per side (Alston may reserve some of his __ minutes for follow-up questions after Government's voir dire)

**d.** Challenges for cause following voir dire and outside the presence of the jury

**e.** Number of peremptory challenges – pursuant to FRCrP 24 (10 and 6); see sample attached

**f.** Seating during voir dire – panel seated in gallery and jury box

g.  Seating in the jury box – see seating chart attachment

**11. Jury Instructions**

    a.  See Appendix B for parties' chart.

        i.  Parties agree on preliminary instructions and instructions during the course of trial.

        ii.  Parties agree on all but 5 final instructions:

| 15 | Lost or Destroyed Evidence | 3.19 | Disputed by Government |
|----|----------------------------|------|------------------------|
| 16 | Missing Witness | Defense Customized | Disputed by Government |
| 17 | In Furtherance – Defined | Defense Customized | Disputed by Government |
| 18 | Negligent Investigation | Defense Customized | Disputed by Government |
| 19 | Spoilation of Evidence | Defense Customized | Disputed by Government |

    b.  Exceptions process: Prior to the giving of instructions to the jury and again before final instructions are given, each side will be given the opportunity to take formal exceptions to the Court's instructions.

**12. Opening statements:**

    a.  Length of opening statements:

        i.  Plaintiff's estimate: __ minutes

        ii.  Defendant's estimate: __ minutes

    b.  Procedure for openings (e.g., podium and use of exhibits during openings):

        i.  Be no closer to the jury than the mid-line of the courtroom (between judge and clock)

        ii.  If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time; any disputes should be raised with the Court before opening statements

    c.  Use of charts, diagrams, timelines, and/or exhibits during opening statements:

    d.  **Juror notetaking:** jury to receive note pads before or after opening statements?

**13. Closing arguments**

    a.  Plaintiff's estimate: __ minutes

    b.  Defendant's estimate: __ minutes

**14. Upcoming deadlines**

    **a.   Submitting evidence**

        i.   An exhibit list in Microsoft Word format must be emailed to Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov by **July 8, 2022.**

        ii.   Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The thumb drive and original and two copies of the trial exhibits must be delivered to Ms. Wood no later than **July 6, 2022.** If JEEPS is being used, only one set of paper exhibits is required.

        iii.   Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Wood in Word format no later than **July 8, 2022.**

**15. Government's witnesses:**

    **a.**   Seattle Police Detective Richard Huntington

    **b.**   Seattle Police Officer Brandon Dorr

    **c.**   Seattle Police Officer Garth Lindelef

    **d.**   Seattle Police Officer Kalin Todorov

    **e.**   Seattle Police Officer Michael Silvagni

    **f.**   Seattle Police Officer Brian Muoio

    **g.**   Seattle Police Detective Stephen Knapp

    **h.**   Chemist Michael Mallari, Drug Enforcement Agency

    **i.**   Bellevue Police Department Officer Robert McClelland

    **j.**   Bellevue Police Department Officer Paul Dill

    **k.**   Bellevue Police Department Officer Jeffrey Adolfson

    **l.**   Bellevue Police Department Officer Darin Karosich

    **m.**   Nicholas Drewer, Nordstrom Loss Prevention

    **n.**   Christopher Pribbernow, Nordstrom Loss Prevention

**o.** Alicia Chase, Nordstrom Loss Prevention

**p.** Christopher Niami, Kemper Development Security

~~**q.** Kathryn Meyer, Assistant Attorney General~~

~~**r.** Mark Sanchez, Pierce County Deputy Prosecuting Attorney~~

~~**s.** Patrick Vincent, Pierce County Deputy Prosecuting Attorney~~

~~**t.** Officer Edward Snydsman, Washington State Department of Corrections~~

~~**u.** Special Agent Catherine Cole, Bureau of Alcohol, Tobacco, Firearms, and Explosives~~

**16. Defendant's witnesses:**

**a.** Kendall Alston (may testify)

**b.** Government witnesses (may testify)

**17. Agreed motion in limine re notification of witnesses:** Each party must notify the other of the witnesses they intend to call or use by the end of the court day prior to the day the party will call the witness or use the deposition.

**18. Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters)

**19. Trial procedures regarding evidence**

**a.** Objections: Grounds only without explanation; if explanation is needed, Court will take up the objection outside the presence of jury. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

**b.** Parties must disclose to each other any exhibits, videos, photographs, or computer slide shows the day before using them in opening statements, and should endeavor to do the same, if possible, before closing arguments.

**c.** Witnesses – non-exempt excluded, experts allowed to be present. Witnesses must not discuss their testimony or other matters related to the case with non-exempt witnesses. Experts may, however, consult others.

**d.** Counsel for each party must inform his or her witnesses prior to their testimony of the Court's rulings on motions in limine and must direct each witness to abide by those rulings.

**e.** Sidebars – not allowed.

20. **Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy of the issue by email at natalie_wood@wawd.uscourts.gov.

# APPENDIX A

**General voir dire (**all questions are standard except the **bolded material**, which has been added)**:**

Good morning. Welcome to the United States District Court for the Western District of Washington. I am Judge King. We are beginning a jury trial in a criminal case. [Introduce Court personnel to the jury.]

The first stage of a jury trial is the selection of a jury, which is called "voir dire." Please keep in mind that serving as a juror is a fundamental obligation that we all share as citizens. Under our constitution, a defendant charged by the government with the commission of a crime has the right to be tried before an impartial jury made up of 12 citizens of our community.

Your role as jurors in this case is quite specific.  You will serve as the fact finder.  You will make the determination of guilt or innocence as this case involves allegation(s) of violation(s) of federal law. The only tools you will need during this trial will be notebooks and they will be presented to you at the appropriate time with an instruction on their use.

**I'll now formally introduce this case and the parties. This is the matter of United States of America v. Kendall Alston. The government is represented by Assistant United States Attorneys Cecelia Gregson, Casey Conzatti, and Jonas Lerman. Please stand and introduce yourselves. Defendant Kendall Alston is represented by attorney Stephan Illa.  Please introduce yourself, your client, and anyone else seated at counsel table.**

**The government has obtained an indictment from the grand jury charging Defendant Kendall Alston with one count of distribution of fentanyl; one count of possession of fentanyl with intent to distribute; and one count of possession of a firearm in furtherance of a drug trafficking crime.**

Please remember that an indictment is simply the description of the charges made by the government against the defendant.  It is not evidence of anything.

The defendant has entered a plea of not guilty to all charges and he is to be presumed innocent unless and until he is proven guilty beyond any reasonable doubt.  The burden of proof is upon the government and a defendant always has the right to remain silent, and he never has to prove innocence or present any evidence.

To ensure that this case will be tried before an impartial jury, the attorneys and I will ask you a series of questions to help the Court and the attorneys in the jury selection process. But before any questions are asked, the law requires that prospective jurors be sworn before any questions are asked. All prospective jurors in the courtroom, please rise, raise your right hand and be sworn. *Do you and each of you solemnly swear that the answers you shall give to the questions asked by the court or under the direction of the court relating to your qualifications to act as jurors in the cause now before the court, shall be the truth, the whole truth and nothing but the truth? If you so swear or affirm, please say "I Do."*

The questions that the attorneys and I will ask you during this process are not asked to embarrass you or to pry into your private affairs, but to determine if you are unbiased and do not

have any preconceived ideas that might affect the case. We want to ensure that we have an impartial jury. You should not withhold information in order to be seated on the jury, and you should also be straight-forward in your answers rather than answering in the way you feel the attorneys or I expect you to answer. These questions may sometimes involve issues that are sensitive for you. If you are uncomfortable answering any particular question in front of the other jurors, please let me know or notify one of the deputy clerks of our court, and we will have you answer the question outside the presence of the other jurors.

The attorneys have the right and duty to challenge any jurors for cause. A challenge for cause results from a concern that a juror cannot be impartial for some reason – for example, because of a relationship with a party or witness or bias concerning some issue in the case. The attorneys may also challenge a prescribed number of jurors without giving any reason as a guarantee to both parties that they may remove some jurors if they wish. This is called a peremptory challenge. You should not take offense if you are challenged, since the challenges are not exercised as a personal reflection on you. The fourteen jurors with the lowest numbers who have not been challenged will comprise the jury; specifically, twelve will be seated on the jury and two will serve as alternates.

One of the customs and rules of the court is that parties and lawyers do not greet jurors or otherwise interact with them outside of this courtroom during voir dire and trial. The purpose is to avoid any impression of trying to curry favor with a juror. So if you pass any of us at some point and we ignore you, please don't be offended; we are obligated to do that under this rule.

I will now ask some questions generally of all prospective jurors. The questions I ask, the questions I permit the attorneys to ask, and the instructions I give are directed to each and every juror in the courtroom, so please pay close attention. If your answer to a question is "yes" or "maybe yes," to any of these questions, please raise your number until the attorneys and I have made a note of your response. If you feel the question calls for an answer that is too personal or sensitive and you would prefer to answer it out of the presence of the other jurors, again, let us know, and we will have you respond on the record, but in front of just me and the parties and court staff.

Even after I have asked a question and moved on to another one, if you remember something that would have changed your response to a prior question, please raise your hand and let me know that information. This occurs from time to time and it is very important that the attorneys have complete information to assist them in the jury selection process.

1.  This trial is expected to last for ____ days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day. We will have a morning break of fifteen minutes, a lunch break of an hour and fifteen minutes, and an afternoon break of fifteen minutes. At the end of the ____-day trial, there is no time limit on the amount of time that the jury may deliberate. Is there any juror who cannot be here for the anticipated duration of the trial? (explain hardship)

2.  (For in-person trials) As you are all aware, we are still in the COVID-19 pandemic. It is important that we don't lose our jury, lawyers, or witnesses to illness during trial, so I am

PRETRIAL CONFERENCE AGENDA - 9

asking everyone in the courtroom to wear a mask unless speaking, in which case you should remove your mask unless you have a health concern with doing so. I will require witnesses to remove their masks unless they have a medical reason for keeping them on. **Now, we are going to have 14 jurors for this trial, and you'll be seated in this jury box, which will not allow 6 feet of distancing with all the seats full but will have these clear panels up. When you are deliberating or on breaks, we will have you in another courtroom instead of the standard jury room, so that you will be able to spread out more.** Is there any prospective juror who would not feel comfortable sitting for trial and deliberations **given these considerations**?

3. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

4. Is there any health issue, physical impairment, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

5. The court previously introduced the Assistant United States Attorney[s] _____. Does anyone know him/her/them or anyone in the United States Attorney's Office?

6. The court previously identified the defendant and his/her/their attorney. Does anyone know the defendant or his/her/their attorney in this case?

7. Have any of you heard or read anything about this case?

8. I will now ask counsel for the government to list all of the witnesses that are expected to be called to testify. Please raise your card if you believe that you know any of these witnesses. (Government attorney reads names.)

9. I will now ask counsel for the defendant to list all of the witnesses that are expected to be called to testify. Please raise your card if you believe that you know any of these witnesses. (Defense counsel reads names.)

10. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc.?

11. Do you have any training or work experience in the field of law?

12. Are you or is anyone close to you connected with law enforcement of any kind, including federal, state, tribal, county, city, or private?

13. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court? Those of you who raised your cards to that question, please raise your card again if you ever served as the foreperson.

14. Does anyone know any of the other jurors from any contact other than your meeting this morning?

15. Have you ever testified before in any court proceeding, and by "court proceeding" I do

not mean a deposition?

16. Have you or has anyone close to you ever been a litigant/party in a court hearing or proceeding?

17. Have you or has anyone close to you ever been accused, rightly or wrongly, with committing a criminal offense?  Those of you who raised your cards to that question, please raise your card again if you believe that the police and the prosecution conducted themselves improperly in any way.

18. Have you ever had an unfavorable experience with a law enforcement officer or a prosecutor?

**19. Do you think that you would give different weight to a law enforcement officer's testimony compared to the testimony of any other witness?**

**20. Do you have any positive or negative views about the following law enforcement agencies:**

    **a) Seattle Police Department?**

    **b) Bellevue Police Department?**

    **c) Drug Enforcement Administration?**

21. Have you or has anyone close to you been involved in any sort of lawsuit against the federal government?

    a) Those of you who raised your cards to that question, please raise your card again if the lawsuit was resolved to your satisfaction.

    b) Those of you who raised your cards to the question about being involved in a lawsuit against the federal government, please raise your card again if there was anything about that experience that would prevent you from being a fair and impartial juror in this case.

22. Have you or has anyone close to you ever been the victim of a criminal offense?

23. Do any of you have any moral, religious, or philosophical beliefs that would prevent you from returning a verdict against another person in a criminal case?

24. As a juror in a criminal case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court.  You must follow the court's instructions on the law even if you disagree with them.  Is there anyone who would be unable or unwilling to follow the court's instructions if you thought the law was unwise or wrong?

25. You will be instructed that the defendant is presumed to be innocent until proven

guilty and that the burden is upon the government to prove the defendant guilty beyond a reasonable doubt.  Is there anyone among you who has a problem or other issue with these principles of law?

26. Have you or anyone close to you had any experience that relates to the use or possession of illegal drugs or narcotics?

27. Do you have strong feelings about the use of illegal drugs, at least to the degree that it would impact your ability to be a fair and impartial juror in a case where the defendant is charged with a drug offense?

28. Do you or does anyone close to you belong to or support any organizations that advocate changes in the drug laws?

29. Have you or has anyone close to you had to deal with problems related to drug use or drug addiction?  I am limiting the term "drugs" to controlled substances.

30. Do you have any special experience or training dealing with the treatment of drug abuse or addiction?

31. Have any of you ever reported a suspected drug transaction to a law enforcement officer?

32. Does any juror have strong feelings about the use of firearms?

   a)  Of those who raised their card to that question, please raise your card again if your feelings about the use of firearms are so strong that they would impact your ability to be a fair and impartial juror in a case where the defendant is charged with a firearm offense.

33. Does any juror have special training in the use of firearms?

34. Has any member of the jury been a member of any organization that advocates in favor of or against firearms?

35. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

Thank you all. I will now permit the lawyers to have_____**minutes** per side to ask additional voir dire questions. [Counsel voir dire.]

FINAL QUESTION: Having heard the questions put to you by the Court and the attorneys, is there any reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you and the Court's instructions to you on the law?

## APPENDIX B: Jury Instructions

| Preliminary Instruction No. | Description | 9th Circuit Model No. | Agreed? |
|---|---|---|---|
| 1 | Duty of Jury | 1.1 | Yes |
| 2 | The Charge—Presumption of Innocence | 1.2 | Yes |
| 3 | What Is Evidence | 1.3 | Yes |
| 4 | What Is Not Evidence | 1.4 | Yes |
| 5 | Direct and Circumstantial Evidence | 1.5 | Yes |
| 6 | Ruling on Objections | 1.6 | Yes |
| 7 | Credibility of Witnesses | 1.7 | Yes |
| 8 | Conduct of the Jury | 1.8 | Yes |
| 9 | No Transcript Available to Jury | 1.9 | Yes |
| 10 | Taking Notes | 1.10 | Yes |
| 11 | Outline of Trial | 1.11 | Yes |
| 12 | Bench Conferences and Recesses | 1.16 | Yes |

| Instructions During Course of Trial No. | Description | 9th Circuit Model No. | Agreed? |
|---|---|---|---|
| 1 | Cautionary Instructions—First Recess | 2.1 | Yes |
| 2 | Stipulations of Fact | 2.3 | Yes |
| 3 | Evidence for Limited Purposes | 2.12 | Yes |

| Final Instruction No. | Description | 9th Circuit Model No. | Agreed? |
|---|---|---|---|
| 1 | Duties of Jury of Find Facts and Follow Law | 6.1 | Yes |
| 2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 6.2 | Yes |
| 3 | Defendant's Decision Not to Testify | 6.3 | Yes |
| 4 | Defendant's Decision to Testify | 6.4 | Yes |
| 5 | Reasonable Doubt—Defined | 6.5 | Yes |
| 6 | What Is Evidence | 6.6 | Yes |
| 7 | What Is Not Evidence | 6.7 | Yes |
| 8 | Direct and Circumstantial Evidence | 6.8 | Yes |
| 9 | Credibility of Witnesses | 6.9 | Yes |
| 10 | Opinion Evidence, Expert Witness | 3.14 | Yes |
| 11 | Dual Role Testimony | 3.15 | Yes |
| 12 | Impeachment Evidence, Witness | 3.8 | Yes |
| 13 | Charts and Summaries Not Admitted into Evidence | 3.16 | Yes |
| 14 | Charts and Summaries Admitted into Evidence | 3.17 | Yes |

| 15 | **Lost or Destroyed Evidence** | **3.19** | **Disputed by Government** |
|----|------|------|------|
| **16** | **Missing Witness** | **Defense Customized** | **Disputed by Government** |
| **17** | **In Furtherance – Defined** | **Defense Customized** | **Disputed by Government** |
| **18** | **Negligent Investigation** | **Defense Customized** | **Disputed by Government** |
| **19** | **Spoilation of Evidence** | **Defense Customized** | **Disputed by Government** |
| 20 | Activities Not Charged | 6.10 | Yes |
| 21 | Separate Consideration of Multiple Counts—Single Defendants | 6.11 | Yes |
| 22 | Statements by Defendant | 3.1 | Yes |
| 23 | Eyewitness Identification | 3.11 | Yes |
| 24 | Possession – Defined | 6.15 | Yes |
| 25 | Knowingly – Defined | 4.8 | Yes |
| 26 | Distribution of a Controlled Substance - Elements | 12.4 | Yes |
| 27 | Possession with Intent - Elements | 12.1 | Yes |
| 28 | Definition of controlled substances | 21 USC 812 | Yes |
| 29 | Possession of a Firearm in Furtherance - Elements | 14.23 | Yes |
| 30 | "On or about" definition | 6.18 | Yes |
| 31 | Duty to Deliberate | 6.19 | Yes |
| 32 | Consideration of Evidence—Conduct of the Jury | 6.20 | Yes |
| 33 | Use of Notes | 6.21 | Yes |
| 34 | Jury Consideration of Punishment | 6.22 | Yes |
| 35 | Verdict Form | 6.23 | Yes |
| 36 | Communication With Court | 6.24 | Yes |

| **Instructions for Phase 2 of Trial No.** | **Description** | **9th Circuit Model No.** | **Agreed?** |
|----|------|------|------|
| 37 | Other Crimes, Wrongs, or Acts of Defendant | 3.3 | Yes |
| 38 | Impeachment, Prior Convictions of Defendant | 3.6 | Yes |
| 39 | Unlawful Possession of a Firearm | 14.16 | Yes |
| 40 | Unlawful Possession of a Firearm | 14.16 | Yes |
| 41 | Supplemental Verdict Form | 6.23 | Yes |

| Forfeiture Instructions[1] | Description | | Agreed? |
|---|---|---|---|
| 1 | Duty of Jury in Forfeiture Phase | N/A | Yes |
| 2 | Burden of Proof | N/A | Yes |
| 3 | Considering Evidence | N/A | Yes |
| 4 | Previous Instructions | N/A | Yes |
| 5 | Disposition of Forfeited Property not Considered | N/A | Yes |
| 6 | Previous Findings | N/A | Yes |
| 7 | Property Subject to Forfeiture—Facilitating Property | N/A | Yes |
| 8 | Forfeiture of Facilitating Property | N/A | Yes |
| 9 | Property Subject to Forfeiture—Firearms and Ammunition | N/A | Yes |
| 10 | Forfeiture of Firearms and Ammunition | N/A | Yes |
| 11 | Facilitating Property Defined | N/A | Yes |
| 12 | Special Verdict Form | N/A | Yes |

---

[1] For use as necessary in the forfeiture phase of trial conducted pursuant to Fed. R. Crim. P. 32.2(b)(1).

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

UNITED STATES OF AMERICA,

11

Plaintiff,

12              v.

13    JOHN DOE,

14                          Defendant.

15

CASE NO. [Case #]

DEFENDANT'S PEREMPTORY
CHALLENGES OF JURORS

16        Please indicate challenges in the space provided below by name and number.

17

18    1. _____        7. _____

2. _____        8. _____
19
3. _____        9. _____
20
4. _____        10. _____
21
5. _____        11. _____
22
6. _____
23

24

DEFENDANT'S PEREMPTORY CHALLENGES OF JURORS - 1

1

2
_____
Signature of Counsel

3
_____

4
Date signed

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT'S PEREMPTORY CHALLENGES OF JURORS - 2

CASE NO. _____22-CR-00066-LK_____          Lauren King          DATE:_____July 11, 2022_____
                                                U.S. District Judge

United States of America _____                          Kendall Alston____
Plaintiff                                                          Defendant

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |

Counsel for Plaintiff___ Cecelia Gregson; Casey Conzatti; Jonas Lerman __

Counsel for Defendant_____ Stephan Illa _____