UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>KENDALL ALSTON,<br><br>                Defendant. | CASE NO. 22-CR-00066<br><br>ORDER CONTINUING SENTENCING |

       This matter comes before the Court on Defendant Kendall Alston's Agreed Motion to Continue Sentencing. Dkt. No. 127. On August 11, 2022, a jury convicted Mr. Alston of distribution of a controlled substance, possession of a controlled substance with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Dkt. Nos. 118–19. He then pleaded guilty to two counts of unlawful possession of a firearm. Dkt. No. 118. The Court set sentencing for November 9, 2022. *Id.*

       On September 20, 2022, defense counsel and United States Probation Officer ("USPO") Sara Moore arrived at FDC-SeaTac to conduct a presentence interview with Mr. Alston. Dkt. No. 127 at 2. However, Mr. Alston refused the visit. *Id.* USPO Moore then informed defense counsel

ORDER CONTINUING SENTENCING - 1

that the draft presentence report was due on September 28, 2022, and, because she was unavailable to conduct an interview before that date, either (1) she could draft the report without any offender information or (2) defense counsel could move to continue sentencing. *Id.* Counsel chose the latter route. He now asks the Court to continue sentencing to February 22, 2023 "to allow the defense to facilitate the presentence interview and preparation of the presentence report." *Id.* at 3 ("If we were to proceed to sentencing as presently scheduled, a complete report could not be prepared because there is not enough time to complete an interview of Mr. Alston beforehand.").

Although the Court generally "must impose sentence without unnecessary delay," it may, for "good cause," deviate from the time limits prescribed by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 32(b); *accord United States v. Firestack-Harvey*, No. 13-CR-0024-TOR, 2015 WL 3533222, at *3 (E.D. Wash. June 4, 2015) (staying sentencing to allow parties adequate time to prepare). And the Local Rules expressly contemplate a sentencing continuance "based on the need for more time." LCrR 32(i)(1)(B). The Court agrees with defense counsel that the importance of the presentence report in sentencing supports a continuance in this case to allow for a complete and accurate report. Dkt. No. 127 at 3. *See, e.g.*, Fed. R. Civ. P. 32(d)(1)(D)–(E), (d)(2)(A), (d)(2)(G) (the presentence report must identify any factor relevant to the appropriate kind of sentence or the appropriate sentence within the applicable range; identify any basis for departing from the applicable range; contain the defendant's history and characteristics; and contain any information the court requires, including information relevant to the Section 3553(a) factors); 18 U.S.C. § 3553(a)(1)(D) (a district court must consider the "history and characteristics of the defendant" and the need for the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."). The Court finds that the interests of the public and the defendant in an immediate sentencing in this case are outweighed by the ends of justice.

Finding good cause, the Court CONTINUES sentencing to February 22, 2023.

Dated this 23rd day of September, 2022.

                                                   Lauren King
                                                   United States District Judge

ORDER CONTINUING SENTENCING - 3